**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

THE CHILDREN OF MINDY HARDWAY, et al.,

        Petitioners,

v.                                                                   CIVIL ACTION NO.  2:09-cv-01150

DEPARTMENT OF HEALTH AND HUMAN RESOURCES,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the respondent's Motion to Dismiss Petitioner's Petition to Review State Court Decision [Docket 8].  Because the court lacks jurisdiction over this matter, the Motion is **GRANTED**.

In October 2005, Mindy Hardaway took her two-year-old daughter to a hospital emergency room after her daughter's upper left arm was lacerated.  Ms. Hardaway claimed she did not know what caused the injury.  Suspecting child abuse, the emergency-room doctors contacted the Child Protective Services Section of the West Virginia Bureau for Children and Families ("CPS").[1]  CPS removed both Ms. Hardaway's daughter from the hospital and her son from the Hardaway home.

---

[1]  The West Virginia Bureau for Children and Families is a division of respondent West Virginia Department of Health and Human Resources ("DHHR").

Following nearly two years of hearings, the Circuit Court of Kanawha County, West Virginia, entered an order terminating the Hardaways' parental rights on October 1, 2007. The Supreme Court of Appeals of West Virginia denied appellate review.

On October 21, 2009, the children and their father, Elmer Hardaway, (the "petitioners") filed the Petition to Review State Court Decision in this court [Docket 1]. By the Petition, the petitioners claim that the Hardaway children were wrongfully removed from their home, and that the respondent violated the petitioners' constitutional rights. They ask this court "to review this case and have the children in this case returned to their parents." (Pet. 5.)

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to hear challenges to state-court judgments. *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 857 (4th Cir. 2001). The authority to hear such appeals lies exclusively with higher state courts and, ultimately, the Supreme Court of the United States. This is true, "even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Safety-Kleen*, 274 F.3d at 857-58 (internal quotation marks omitted). "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id.* at 858 (internal quotation marks omitted).

Here, there is no question that the petitioners are seeking to appeal a state-court judgment in federal district court. Their petition, entitled "Petition to Review State Court Decision," challenges the propriety of the judgment of the Circuit Court of Kanwha County terminating the Hardaways'

parental rights.  The sole purpose of the Petition is to undo a state-court order.  Any action by this court in this case would require this court to determine whether the state court wrongly decided the issues before it. Such a challenge falls squarely within the *Rooker-Feldman* doctrine, and this court lacks jurisdiction to hear this case.

The Motion to Dismiss [Docket 8] is **GRANTED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       January 4, 2010

Joseph R. Goodwin, Chief Judge