IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE CHILDREN OF MINDY HARDWAY, et al.,

        Petitioners,

v.                  CIVIL ACTION NO.  2:09-cv-01150

DEPARTMENT OF HEALTH AND HUMAN RESOURCES,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioners' Motion for Reconsideration [Docket 12]. The court construes this motion as one under Federal Rule of Civil Procedure 59(e).  Rule 59(e) permits a court to amend a judgment within ten days to (1) accommodate an intervening change in controlling law; (2) account for new evidence; or (3) correct a clear error of law or prevent manifest injustice.  *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).

The petitioners contend that the court made an error of law when, pursuant to the *Rooker-Feldman* doctrine, it dismissed the petitioners' constitutional claims on January 4, 2010 [Docket 10].  Furthermore, the petitioners assert that new evidence supports their constitutional claims.  As explained below, neither of these arguments warrant reconsideration.

The petitioners assert that "[t]he *Rooker-Feldman* doctrine does not apply to the present case as the plaintiffs are not seeking to litigate the issues litigated at the State Court level but only the Constitutional issues of due process rights, equal protection under the law and . . . the first amendment and other Constitutional issues." (Mem. Supp. Mot. Recons. 1.)   As I stated in my

January 4, 2010 order in this case, the *Rooker-Feldman* doctrine bars lower federal courts from reviewing state court decisions. A person may not seek relief from a lower federal court on the ground that a state court decision violated his or her constitutional rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *cf. Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.").

Here, the essence of the petitioners' claims is that the state court decision terminating their parental rights violated their rights under the Constitution. This is the very type of claim barred by the *Rooker-Feldman* doctrine. Thus, this court lacks jurisdiction to hear the petitioners' claims, and reconsideration is not warranted. Because the court lacks jurisdiction to hear this case, the fact that the petitioners may possess new evidence supporting their claims is of no avail. The Motion for Reconsideration [Docket 12] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      January 11, 2010

                Joseph R. Goodwin, Chief Judge